Treandous A. COTTON, Plaintiff–
Appellant,

v.

Jeffery BEARD, Secretary of CDCR;
et al., Defendants–Appellees.

No. 14–15333.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 8, 2014.

Treandous A. Cotton, Soledad, CA, pro
se.

Before: LEAVY, FISHER, and N.R.
SMITH, Circuit Judges.

MEMORANDUM **

Treandous A. Cotton, a California state
prisoner, appeals pro se from the district
court's judgment dismissing his 42 U.S.C.
§ 1983 action alleging due process and
equal protection violations. We have juris-
diction under 28 U.S.C. § 1291. We re-
view de novo, *Resnick v. Hayes,* 213 F.3d
443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed
Cotton's due process claim regarding his
classification as a gang member and subse-
quent placement on a modified program
because Cotton failed to allege facts suffi-
cient to show that he had a liberty interest
at stake. *See Wright v. Riveland,* 219

F.3d 905, 913 (9th Cir.2000) (setting forth
elements of a procedural due process
claim, including "a liberty or property in-
terest protected by the Constitution" (cita-
tion and internal quotation marks omit-
ted)); *Resnick,* 213 F.3d at 448 (a prisoner
only has a liberty interest "when a change
occurs in confinement that imposes an
atypical and significant hardship ... in
relation to the ordinary incidents of prison
life" (citation and internal quotation marks
omitted)).

The district court properly dismissed
Cotton's equal protection claim because
Cotton failed to allege facts sufficient to
show that he was discriminated against
because of his membership in a protected
class, *see Furnace v. Sullivan,* 705 F.3d
1021, 1030 (9th Cir.2013), or that any de-
fendant intentionally treated him different-
ly than similarly situated individuals, *see
Engquist v. Or. Dep't of Agric.,* 553 U.S.
591, 601–02, 128 S.Ct. 2146, 170 L.Ed.2d
975 (2008).

The district court properly dismissed
Cotton's claim regarding the processing
and handling of his prison grievances be-
cause prisoners do not have a "constitu-
tional entitlement to a specific prison
grievance procedure." *Ramirez v. Galaza,*
334 F.3d 850, 860 (9th Cir.2003).

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.